# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LANDMARK PROPERTIES, INC.,<br><br>　　　　　　　Respondent,<br><br>　　　v.<br><br>KEITH L. ARNOLD,<br>　　　　　　　Appellant. | No. 84752-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Keith L. Arnold, representing himself, appeals the trial court's order granting Landmark Properties Inc.'s motion for a default order and judgment. Because we find no abuse of discretion, we affirm.

## FACTS

Landmark rented property to Arnold. On May 31, 2022, Landmark's agent mailed a copy of a 120-day notice to vacate the premises to Arnold's address. The agent also personally delivered a copy of the notice at Arnold's address. According to the notice, following a biannual inspection revealing extensive damage to the bathroom wall and tub, Landmark was terminating Arnold's tenancy to conduct "extensive modifications and remodeling." The notice required Arnold to vacate the premises by September 30, 2022, but Arnold continued to occupy the property after that date.

On October 16, 2022, after Arnold refused to vacate the property as required by the 120-day notice to vacate, Landmark served Arnold with a summons and complaint directing him to respond by October 25, 2022, or lose the right to defend himself in court. The summons also provided phone numbers for free legal assistance. Arnold failed to respond to the summons and complaint as directed.

On November 4, 2022, Landmark filed an unlawful detainer action in the trial court along with a motion to enter a default order and judgment against Arnold. The trial court granted Landmark's motion after Arnold failed to appear or answer by October 25, 2022. Upon granting the motion the trial court directed the clerk of the court to issue a writ of restitution permitting the sheriff to remove Arnold from the premises.

Arnold appeals.

## ANALYSIS

We review a trial court's decision on a motion for default judgment for abuse of discretion. *Morin v. Burris*, 160 Wn.2d 745, 753, 161 P.3d 956 (2007). Discretion is abused if it is exercised on untenable grounds or for untenable reasons. *Id.* A court likewise abuses its discretion "if the factual findings are unsupported by the record" or if "the facts do not meet the requirements of the correct standard." Fowler v. Johnson, 167 Wn. App. 596, 604, 273 P.3d 1042 (2012). "A default judgment constitutes an admission of all factual allegations necessary to establish the plaintiff's claim for relief." *Smith v. Behr Process Corp.,* 113 Wn. App. 306, 333, 54 P.3d 665 (2002). The default judgment does

not, however, admit any conclusions of law contained within the complaint or the amount of damages. *Id.* Having considered Arnold's arguments, we find no abuse of discretion.

First, Arnold argues that "the superior court erred in accepting Landmark's notice to terminate tenancy reason as a good faith justification for the default judgment entered November 4, 2022." We disagree.

Under RCW 59.18.200(2)(c)(i), a landlord may terminate a tenancy if it plans to "substantially rehabilitate" the premises. Here, the notice provided to Arnold explained that the building manager had found extensive damage to the bathroom walls and tub. The notice also explained that the "unit needs extensive modifications and remodeling" and it is "not healthy for [Arnold] to be in there." These are sufficient reasons to terminate the tenancy. Landmark also provided 120 days' notice before terminating Arnold's tenancy as required by RCW 59.18.200(2)(c)(i). Because Arnold continued to occupy the premises after the 120-day notice period, the trial court did not abuse its discretion in granting Landmark's motion for a default order and judgment.

Second, Arnold argues that the trial court erred in accepting Landmark's eviction summons as sufficient for the default judgment entered November 4, 2022. We disagree.

For a summons to be sufficient, it must comply with RCW 59.12.080, which states as follows:

> The summons must state the names of the parties to the proceeding, the court in which the same is brought, the nature of the action, in concise terms, and the relief sought, and also the return day; and must notify the defendant to appear and answer

within the time designated or that the relief sought will be taken against him or her.

Here, the summons contained both Landmark's and Arnold's names, notified Arnold that the proceeding was taking place in King County Superior Court, and stated the relief sought (that Landmark sought to evict Arnold from the premises). It also stated the return date of October 25, 2022 in bold font in the center of the document. And it directed Arnold, "If you do not respond by the deadline above, you will lose your right to defend yourself . . . ." The trial court did not abuse its discretion in finding that the summons met the requirements of RCW 59.12.080.

Finally, Arnold argues that because the complaint was filed with the court on the same day Landmark's motion for a default order and judgment was granted, he was unable to refute any of Landmark's "bad faith presentations." We disagree.

The lawsuit here commenced on October 16, 2022, when Arnold was served with the complaint and summons. See CR 3 ("[A] civil action is commenced by service of a copy of a summons together with a copy of a complaint, as provided in rule 4 or by filing a complaint."). And according to the summons, Arnold had until October 25, 2022 to respond, which was a permissible return date. See RCW 59.12.070 ("A summons must be issued as in other cases, returnable at a day designated therein, which shall not be less than seven nor more than thirty days from the date of service . . . ."). Thus, contrary to Arnold's assertion, he had nine days to respond to the summons and was provided with information detailing how to respond to avoid losing the ability to defend himself in court. We reject Arnold's argument that he did not have

adequate time to respond to the summons and complaint before Landmark filed its motion for default. On this record, the trial court did not abuse its discretion in granting the requested relief. *See* RCW 59.12.120 ("If on the date appointed in the summons the defendant does not appear or answer, the court shall render judgment in favor of the plaintiff as prayed for in the complaint.").

In the event that Landmark prevails on appeal, it requests attorney fees and costs pursuant to RAP 18.1, which permits a party to seek fees and costs if "applicable law grants to a party the right to recover reasonable attorney fees or expenses on review." Here, RCW 59.18.290 states, "Where the court has entered a judgment in favor of the landlord restoring possession of the property to the landlord, the court may award reasonable attorneys' fees to the landlord." RCW 59.18.290(3). Because Landmark prevailed in the trial court and has likewise prevailed on appeal, we grant its request for attorney fees and costs subject to compliance with RAP 18.1. Having granted attorney fees and costs under RAP 18.1, we need not address Landmark's additional request for fees under RAP 18.9.

We affirm.

Feldman, J.

WE CONCUR:

Díaz, J.

Chung, J.

- 5 -